UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SARAH ODAWARE WHITE (#319932)  CIVIL ACTION

VERSUS

CARE PROVIDER MRS. MOORE  NO. 11-0574-FJP-CN

O R D E R

This matter comes before the Court on the plaintiff's Motion, rec.doc.no. 7, wherein she requests to be transferred from her current place of confinement to a facility located in Bossier, Louisiana. The Court interprets this motion to be a request for injunctive relief.

The pro se plaintiff, an inmate incarcerated at the Louisiana Correctional Institute for Women ("LCIW"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Nurse Moore at LCIW, complaining that Ms. Moore has subjected the plaintiff and other inmates to deliberate medical indifference. In the instant motion, the plaintiff asserts that she is being retaliated against by prison officials for the filing of complaints against prison officials. This retaliation has allegedly taken the form of verbal threats and harassment and a continued deprivation of appropriate medical care. She prays for a transfer to a different institution.

In order to establish entitlement to injunctive relief, the plaintiff must satisfy four elements in support of such relief: (1) irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). The Court concludes

that the plaintiff has not met his burden in connection with the instant motion. Whereas the plaintiff alleges that she has been subjected to certain deprivations and harassment, there is no showing that the mistreatment complained of, if it in fact has occurred as contended by the plaintiff, has resulted in irreparable injury or is likely to do so in the future. Further, the plaintiff is not entitled to the requested transfer in any event because the law is well-settled that inmates have no justifiable expectation that they will be incarcerated at any particular prison within a state. Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The decision to transfer state prisoners to other institutions within the state is entirely within the discretion of prison officials, and the Court will not intervene in the making of such determinations. Moreover, this Court does not have jurisdiction in the nature of mandamus to compel state officers or employees to perform duties allegedly owed to the plaintiff, as for example, compelling the warden to transfer the plaintiff to a different institution. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D. Mont. 1986); 28 U.S.C. § 1361. Accordingly, the plaintiff's request for injunctive relief shall be denied.

**IT IS ORDERED** that the plaintiff's Motion, rec.doc.no. 7, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___2___ day of November, 2011.

FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE