UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SARAH ODAWARE WHITE (#319932)**          **CIVIL ACTION**

**VERSUS**

**CARE PROVIDER MRS. MOORE**               **NO. 11-0574-FJP-CN**

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.

                                        **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**SARAH ODAWARE WHITE (#319932)**                                **CIVIL ACTION**

**VERSUS**

**CARE PROVIDER MRS. MOORE**                                     **NO. 11-0574-FJP-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the parties' cross-motions for summary judgment, rec.doc.nos. 16 and 18.

The pro se plaintiff, an inmate incarcerated at the Louisiana Correctional Institute for Women ("LCIW"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Nurse Moore at LCIW, complaining that Nurse Moore has subjected the plaintiff and other inmates to deliberate medical indifference.

The plaintiff moves for summary judgment, relying upon the pleadings and copies of correspondence exchanged between herself and prison officials, wherein she complains regarding her medical care at LCIW.

The defendant moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's Administrative Remedy Proceeding No. LCIW-2011-149, Department Regulation No. B-05-005 (relative to the Prison Administrative Remedy Procedure), and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

Addressing first the defendant's Motion for Summary Judgment, the defendant asserts that the plaintiff has failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e, relative to her claims. Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to her at the prison prior to commencing a lawsuit in federal court relative to prison conditions. This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a lawsuit relative to prison conditions. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The primary purpose of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" Johnson v. Johnson, supra.

Upon a review of the record, the Court concludes that the defendant's motion must be denied at the present time. Specifically, the defendant has not presented evidence sufficient to show that there are no disputed issues of material fact and that the defendant is entitled to judgment as a matter of law. In the original Complaint, the plaintiff asserted that she took steps to exhaust administrative remedies at LCIW, and she identified administrative grievance numbers "144" and/or "164" as being the grievances which she filed relative to the claims asserted herein. The defendant has made no attempt to address these specific grievances (presumably Nos. LCIW-2011-0144 and/or LCIW-2011-0164), even if only to show that these grievances were not submitted by this plaintiff, do not involve the claims asserted in this litigation, or were not fully exhausted through the administrative process. Instead, in an attempt to establish that the plaintiff failed to exhaust administrative remedies, all that the defendant has done is produce a certified copy of a single grievance submitted by the plaintiff, which grievance bears an apparently unrelated number, No. LCIW-2011-0149, and which grievance was rejected by prison officials as being not in compliance with prison rules. This single grievance, however, does nothing to address whether the plaintiff may have submitted one or more additional grievances which are relevant to the claims asserted in this litigation. Accordingly, in the absence of certification by the defendant that prison officials have conducted a search of the prison grievance records at LCIW to determine whether the plaintiff submitted one or more additional grievances addressing the claims asserted herein, the defendant has not established beyond peradventure that the plaintiff has failed to exhaust administrative remedies.

The plaintiff's Motion for Summary Judgment fares no better. The Complaint is unsworn, and the plaintiff has not attached to her motion any affidavits or sworn statements, nor has she presented copies of any pertinent medical records or other competent summary judgment evidence which would allow the Court to evaluate the severity of her medical condition or the care which she has been provided at LCIW. The correspondence which she has attached to her motion establishes only that she has been unhappy with her medical care, and an inmate's mere dissatisfaction with the medical care which has been provided to her is not sufficient to establish liability on the part of a prison official. To the contrary, in order for an inmate-plaintiff to prevail on a claim that her constitutional rights have been violated by the provision of improper or inadequate medical care, she must allege and show that the denial of appropriate medical constituted, not merely negligence, but "deliberate indifference to serious medical needs." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). The deliberate indifference standard sets a very high bar: the plaintiff must establish that a defendant "refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). The plaintiff's motion, therefore, fails to establish that she is entitled to judgment in her favor or that there are no disputed issues of material fact in this case. Accordingly, her motion must also be denied at the present time.

## RECOMMENDATION

It is recommended that the parties' cross-motions for summary judgment, rec.doc.nos. 16 and 18, be denied, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 19, 2012.

*[signature]*

**MAGISTRATE JUDGE CHRISTINE NOLAND**